UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:
CAROL MURPHY,

                              Plaintiff,                **COMPLAINT**

    -against-

STONYBROOK UNIVERSITY HOSPITAL, BEN    **PLAINTIFF DEMANDS**
GABRIEL, *individually*, JACKIE BIER, *individually*,   **A TRIAL BY JURY**
and JOAN PARROTTA, *individually*,

                              Defendants.
------------------------------------------------------------------X

Plaintiff, CAROL MURPHY, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the <u>New York State Human Rights Law</u>, New York State Executive Law §§ 296, <u>et. seq.</u> ("NYSHRL"). Plaintiff seeks damages to redress the injuries she has suffered as a result of being <u>discriminated against, sexually harassed, subjected to a hostile work environment, and retaliated against on the basis of her gender (female) and disability (depression)</u>.

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Eastern District of New York or the acts complained of occurred therein.

5. By: (a) timely filing an Charge of Discrimination with the New York State Division of Human Rights and cross-filed with the Equal Employment Opportunity Commission ("EEOC"); (b) receiving a Notice of Right to Sue from the EEOC on March 5, 2020; and (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

6. Plaintiff CAROL MURPHY ("Plaintiff") is female and a resident of Rockland County in the State of New York.

7. That at all times relevant hereto, Defendant STONYBROOK UNIVERSITY HOSPITAL ("STONYBROOK") was and is a corporation duly existing under, and by virtue of, the laws of the State of New York.

8. That at all times relevant hereto, Plaintiff was an employee of Defendant STONYBROOK.

9. Upon information and belief, Defendant STONYBROOK employs at least fifteen (15) or more employees.

10. At all times relevant, Defendant BEN GABRIEL ("GABRIEL") was employed by Defendant STONYBROOK as a "Day Supervisor."

11. That at all times relevant hereto, Defendant GABRIEL had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

12. At all times relevant, Defendant JACKIE BIER ("BIER") was employed by Defendant STONYBROOK as "Director-Nurse Manager."

13. That at all times relevant hereto, Defendant BIER had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

14. At all times relevant, Defendant JOAN PARROTA ("PARROTA") was employed by Defendant STONYBROOK as a unit secretary.

15. That at all times relevant hereto, Defendants STONYBROOK, GABRIEL, BIER, and PARROTA are collectively referred to herein as "Defendants."

## MATERIAL FACTS

16. Defendant STONYBROOK hired Plaintiff on or about October 5, 2017 as a certified nursing assistant. Throughout her time at STONYBROOK, Plaintiff was a stellar employee who did not receive any negative performance reviews.

17. As a certified nursing assistant, Plaintiff was responsible for providing basic care to patients and assisting them with daily life activities.

18. Plaintiff's work environment became permeated with hostility related to her sex/gender in August 2018, when Plaintiff's work shift began to align with that of Defendant PARROTA.

19. Defendant PARROTA, the secretary in Plaintiff's unit, began growing an unhealthy attachment to Plaintiff and would assail the Plaintiff with unwanted physical touching. Defendant PARROTA would frequently hug and kiss the Plaintiff without consent.

20. After enduring a short period of this behavior, Plaintiff attempted to establish boundaries and complained to Defendant PARROTA that she should not touch her and that she should be allowed personal space.

21. The night after this conversation, Defendant PARROTA deliberately bent over the Plaintiff and brushed her hand against the Plaintiff's right breast.

22. Plaintiff was shocked and upset with Defendant PARROTA's unsolicited touching.

23. After collecting herself, Plaintiff informed Defendant PARROTA that her persistent touching had to stop and that she was upset with her failure to respect her personal space.

24. In response, Defendant informed the Plaintiff that her "friends in human resources will not like this."

25. The following day, one of Plaintiff's supervisors, Kerry Lubowski, asked the Plaintiff whether she had called Defendant PARROTA a "whore." Plaintiff categorically denied this accusation and informed her supervisor that Defendant PARROTA's behavior, including her repeated touching, was harassing and inappropriate.

26. In response to Plaintiff's report of harassment, Ms. Lubowski informed the Plaintiff she should try to avoid being alone with Defendant PARROTA.

27. Defendant PARROTA's conduct, including physical touchings, continued.

28. In approximately late August 2018, Plaintiff went to Defendant GABRIEL and explained that she believed she needed his help in order to stop Defendant PARROTA's harassment. Plaintiff explained Defendant PARROTA's history of inappropriate touching and how this exacerbated Plaintiff's depression.

29. In response, Defendant GABRIEL informed the Plaintiff that if she had a problem she should seek employment elsewhere. Plaintiff clarified that she had no problem doing her job, but instead had a problem with sexual harassment and the fact she was unable to get any effective assistance with her complaints.

30. Overwhelmed by Defendant PARROTA's harassment, her supervisor's failure to address her complaints, and the ensuing exacerbation of her depression, Plaintiff applied for and received a short period of FMLA leave.

31. On approximately September 2, 2019, Plaintiff emailed Defendant BIER to make another formal complaint concerning the harassment she was experiencing.

32. A few days later, Defendant BIER met with the Plaintiff. Plaintiff informed Defendant BIER that Defendant PAROTTA's pattern of inappropriate touching continued. Plaintiff also informed Defendant BIER that others witnessed the harassment.

33. In response to Plaintiff's complaints of harassment, Defendant BIER informed the Plaintiff that she would not support her because she had no seniority. Moreover, Defendant BIER stated that "the walls have ears" and that she should not openly complain about the harassment she was experiencing.

34. Defendant BIER was also dismissive of Plaintiff's disability and explained that she would not allow any accommodation of Plaintiff's schedule to allow her to avoid Defendant PARROTA's harassment and the exacerbation of her depression.

35. Following this meeting, Plaintiff was denied overtime by Defendant BIER in retaliation for her complaints of sex and disability discrimination.

36. On September 20, 2018, Plaintiff again complained to Defendant GABRIEL that she was experiencing harassment. Defendant GABRIEL informed the Plaintiff that she should be "professional."

37. Later that same day, Defendant GABRIEL apologized to the Plaintiff for his response.

38. Nevertheless, the following day, September 21, 2018, Defendants GABIEL and BIER met with the Plaintiff and informed her she was being terminated in two weeks, plainly in retaliation for her repeated complaints of sex and disability discrimination.

39. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

40. **<u>Plaintiff was treated differently by Defendants, solely due to her disability and gender (female)</u>**.

41. But for the fact that Plaintiff is a female, Defendants would not have treated her differently.

42. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

43. The above are just some of the ways Defendants discriminated and retaliated against Plaintiff while employing her.

44. Corporate Defendants had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendant PARROTA.

45. Plaintiff's performance was, upon information and belief, exemplary during the course of her employment with Defendants.

46. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

47. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

48. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

50. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Corporate Defendants. Plaintiff complains of Corporate Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (female).

53. Corporate Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of her gender (female).

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

56. Corporate Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of the Corporate Defendants.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

59. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability (depression) and gender (female).

### AS A FOURTH CAUSE OF ACTION UNDER THE NEW YORK STATE EXECUTIVE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate

8

against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

62. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW AIDING AND ABETTING

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## JURY DEMAND

66. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq., and the New York State Human Rights Law, New York State Executive Law, §§ 296 et. seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of her disability and gender;

B. Awarding Plaintiff compensatory damages for lost wages, mental, and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

9

C.	Awarding Plaintiff punitive damages;

D.	Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E.	Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       March 10, 2020

                                                **PHILLIPS & ASSOCIATES,**
                                                **Attorneys at Law, PLLC**

By: _____
      Shawn R. Clark, Esq.
      *Attorneys for Plaintiff*
      45 Broadway, Suite 620
      New York, New York 10006
      T: (212) 248-7431
      F: (212) 901 - 2107
      sclark@tpglaws.com